KANGAS *v.* NEW YORK LIFE INSURANCE CO.

1. COURTS—EVENLY DIVIDED COURT AFFIRMING JUDGMENT BELOW DECIDES LAW OF CASE ONLY.

The legal conclusions of a justice of the Supreme Court writing for affirmance of a judgment affirmed by an evenly divided court are the law for that case only.

2. INSURANCE—POLICY DRAWN BY INSURER CONSTRUED MOST FAVORABLY FOR ASSURED.

An accident insurance policy couched in language chosen by the insurer must be given the construction, of which it is susceptible, most favorable to the assured.

3. SAME—ACCIDENT—EFFICIENT, PROXIMATE CAUSE TEST OF LIABILITY.

In an action for double indemnity under an insurance policy providing for double indemnity in case of death of assured resulting directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause, *held*, that the parties intended efficient, proximate cause to be the ultimate test of liability.

4. SAME—CONTRADICTORY EVIDENCE PRESENTS QUESTION FOR JURY.

Where the claim of defendant that the infection which caused assured's death came from a carbuncle and the

On infection through boil, carbuncle, or similar condition, as an accident or accidental means within accident policy, see notes in 24 A. L. R. 730.

Previous diseased condition as affecting liability for death or injury on accident insurance is discussed in notes in 34 L. R. A. (N. S.) 445; 52 L. R. A. (N. S.) 1203; 18 A. L. R. 113.

contradictory claim of plaintiff that the infection was caused by an injury were both supported by competent evidence, it was for the jury to determine the cause of death, and, if both causes concurred, it was for them to say which was the efficient, dominant, proximate cause.

5. APPEAL AND ERROR—HARMLESS ERROR.

Where a doctor, testifying for plaintiff, said that, as to whether infection could enter through skin in which there was no abrasion was a question on which authorities in bacteriology were divided, it was not prejudicial error for the court to refuse to strike out his testimony, on cross-examination, that a certain doctor had received infection through a finger in which he claimed there was no abrasion, in view of plaintiff's claim that assured became infected through an abrasion of the knee.

Error to Houghton; Stone (John G.), J. Submitted April 25, 1923. (Docket No. 64.) Decided June 4, 1923. Rehearing denied July 19, 1923.

Assumpsit by Jemina Kangas against the New York Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*John D. Kerr* (*Robert B. MacDonald*, of counsel), for appellant.

*Galbraith & McCormack*, for appellee.

MCDONALD, J. Plaintiff has brought this action as beneficiary in a life insurance policy issued by the defendant to her son, John E. Kangas. The policy, so far as it is material to the issues here involved, reads as follows:

"New York Life Insurance Company agrees to pay to Jemina Kangas, mother of the insured, beneficiary, three thousand dollars (the face of this policy) upon receipt of due proof of the death of John E. Kangas, the insured, or double the face of this policy upon the receipt of due proof that the death of the insured re-

sulted directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental cause, and that such death occurred within sixty days after sustaining such injury. This double indemnity benefit will not apply if the insured's death resulted from self-destruction, whether sane or insane; from any violation of law by the insured; from military or naval service in time of war; from a state of war or insurrection; from engaging in submarine or aeronautic operations; from physical or mental infirmity; or directly or indirectly from illness or disease of any kind."

The plaintiff claims that the insured's death was due solely to accidental causes. She submitted proofs of death. The defendant paid the face of the policy but refused to pay more, claiming that the proofs did not show that death was due solely to the accident. The payment was made and accepted with the understanding that it was without prejudice to plaintiff's right to assert a claim for double indemnity.

Her action is brought to recover $3,000 under that clause of the policy. The insured died on the 27th day of October, 1920. It is the plaintiff's claim that death was caused by septicemia following an accidental injury to his left knee. The particulars of her claim are stated by the circuit judge as follows:

"The undisputed testimony shows that the insured was a student at the Michigan College of Mines; that he was living in the township of Calumet, Houghton county, Michigan, and while attending the college was going back and forth from his home to Houghton by street car; that on the morning of October 6, 1920, when he left his home he was in good health and was not limping; that about 10 o'clock in the forenoon of said day his mother saw him alight from a street car in front of her residence; that he was limping; that he was unable to stand erect; that he had one hand on his left knee as he walked toward the store; that she assisted him from the store to her residence, the

next door but one, and that she took off his trousers and cut off his underclothing with scissors, the knee at that time being badly swollen; that on the inside of the left knee there was a bluish mark, swollen and about the length of one's finger and about as wide as one's finger, over which the skin was roughened; that she applied hot applications and later called the family physician, Doctor Kohlhaas, who applied wet dressings and heat to the knee; that some five or six days there-after Doctor Kohlhaas aspirated the knee and found pus and later the same day called Doctor Lawbaugh and again aspirated the knee to convince the latter of the presence of pus; the insured was taken that day to a hospital, the knee joint was freely opened up, a pint of pus was removed, and free drainage provided; the insured's condition grew steadily worse; there was set up in his system a general septicemia from which he died October 27th."

It appears that about the first part of September, 1920, Doctor Kohlhaas treated the insured for a carbuncle on the thigh of the left leg.   Two or three weeks before the injury he was pronounced cured. The defendant claims that if the insured suffered any injury to his knee, death did not result solely from the injury, but was caused in whole or in part from infection resulting from the carbuncle.   In a letter to the plaintiff, refusing payment of double indemnity, the defendant said:

"According to the information on file, your son had a carbuncle opened on his left leg midway between the knee and hip several weeks before the accident, and as far as the company can see, death was caused by septicemia due to the carbuncle or disease from which the insured was suffering."

At the conclusion of the plaintiff's case and again when the proofs had all been submitted, the defendant moved for a directed verdict.   The motion was held in consideration under the Empson act (3 Comp.

Laws 1915, § 14568 *et seq.*) and the case submitted to the jury. The plaintiff received a verdict for $3,000 and interest amounting to $237.50. The defendant then moved for a judgment notwithstanding the verdict. The motion was denied and a judgment entered on the verdict. From this judgment the defendant has brought the case here on writ of error.

The principal question involves a construction of the double indemnity clause of the insurance policy. The clause provides that defendant will pay

"double the face of this policy upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury, effected solely through external, violent and accidental cause, and that such death occurred within sixty days after sustaining such injury."

Under the construction contended for by counsel for plaintiff, it is urged that if the insured would not have died within the 60 days but for the accident, the plaintiff is entitled to recover even though some pre-existing disease was a contributing cause of death. Counsel for the defendant insists that the language of the policy is plain and susceptible of but one construction, and that, to entitle the plaintiff to double indemnity, it must appear that the accidental injury was the sole cause of death, and that, if pre-existing disease was a contributing cause, it cannot be said that death resulted from the accident alone, directly and independently of all other causes. The circuit judge did not accept the construction urged by the defendant, but applied the law enunciated in the opinion of Justice BIRD in *Abbott* v. *Insurance Co.*, 208 Mich. 654. By an evenly divided court that case affirmed a judgment in which the question here involved had been ruled adversely to the insurance company. As Justice BIRD wrote for an affirmance his

legal conclusions are the law for that case only. I think, however, that an examination of the cases will show that his opinion is in harmony with the best authority on that subject.

"It must be remembered that the policy is couched in language chosen by the insurer, and must be given the construction, of which it is susceptible, most favorable to the assured." *American Bonding Co.* v. *Morrow,* 80 Ark. 49 (96 S. W. 613, 117 Am. St. Rep. 72).

"Moreover it is the duty of courts to give such construction to a policy, if the language used fairly admits, as will make it of some substantial value and carry out the intention expressed therein that liability is incurred where death occurs from accidental injury." *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91 (152 S. W. 995, 44 L. R. A. [N. S.] 493).

In most cases a policy of this character would be of little or no value to the insured if the limiting language be literally interpreted as claimed by the defendant. Death from an external injury, unless instantaneous, is usually the result of various concurring causes. The injury sets in motion other agencies and awakens dormant internal ailments which contribute to death. These are conditions rather than causes. If such insurance contracts are to be of any value to the man who pays for the risk assumed, a construction as fair and reasonable as the limiting language will permit should be placed upon them.

"We think the only reasonable interpretation to be placed upon this clause is to say that the injury must stand out as the predominant factor in the production of the result, and not that it must have been so virulent in character as necessarily and inevitably to have produced that result, regardless of all other conditions and circumstances. People differ so widely in health, vitality and ability to resist disease and injury, that

what may mean death to one man would be comparatively harmless to another, and therefore the fact that a given injury may not be generally lethal does not prevent it from becoming so under certain conditions; and if, under the peculiar temperament or condition of health of an individual upon whom it is inflicted, such injury appears as the active, efficient cause that sets in motion agencies that result in death, without the intervention of any other independent force, then it should be regarded as the sole and proximate cause of death." *Driskell* v. *Insurance Co.*, 117 Mo. App. 362 (93 S. W. 880).

There are two lines of decisions dealing with the interpretation of these insurance clauses. Both will be found cited in *Abbott* v. *Insurance Co.*, *supra*. They diverge on the application of the doctrine of proximate cause. I am of the opinion that the qualifying language of the contract may properly be interpreted to mean that the parties intended efficient, proximate cause to be the ultimate test of liability. This interpretation renders the contract of some substantial value to the man who pays the premium as well as to the party who carries the risk.

Applying this test to the facts in the instant case, the question is whether pre-existing disease or an accidental external injury was the efficient, dominant, proximate cause of the death of the insured. The testimony of the defendant tended to show that there was no external injury, but that death resulted from general infection originating from a carbuncle with which the insured was afflicted a short time prior to the alleged injury. The testimony of the plaintiff was to the effect that the infection was produced by the injury to the knee, and that the injury was the sole cause of death. Each of these conflicting claims was supported by some competent evidence. It was therefore a question for the jury to determine the

cause of death, and if both causes concurred, to say which was the efficient, dominant, proximate cause. Even though the contract of insurance should have been interpreted as the defendant claims, the evidence presented a case for the jury, and the court did not err in refusing to grant defendant's motion for a directed verdict.

Various errors are assigned on the charge of the court and the refusal to give certain requests. We do not deem it necessary to discuss these further than to say that they are all based on defendant's interpretation of the double indemnity clause of the policy contract. In view of our holding on that question the requests submitted do not correctly state the law and should not have been given.

Error is also assigned on the court's rulings in the admission and exclusion of evidence. On cross-examination of Doctor Kohlhaas, a witness for the plaintiff, he was asked if he knew of a case where a physician had received infection through the hand where there was no cut in the skin. He answered that Doctor Kirton had received an infection by curretting an abscess with the bare finger, and that Doctor Kirton claimed there was no abrasion or opening on the finger. The court denied a motion to strike out the answer. The witness had not claimed that germs could enter through the skin in which there was no abrasion. He said that was a question on which authorities in bacteriology are divided. The plaintiff claimed that there was an abrasion of the skin. She testified that it looked as though it had come in contact with some sharp object, that it was scratched. In view of this testimony and the claim of the plaintiff that the infection entered through the bruised surface of the wound in the knee, the failure of the court to strike out the answer of the witness

was error which could not in any manner prejudice the rights of the defendant.

There are no other questions which require discussion. We have carefully examined the record and find no reversible error.

The judgment is affirmed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.