BUDZINSKI *v.* METROPOLITAN LIFE INSURANCE CO.

SAME *v.* AGRICULTURAL LIFE INSURANCE COMPANY OF AMERICA.

ON REHEARING.

1. INSURANCE—ACCIDENT—CEREBRAL ARTERIOSCLEROSIS—PROXIMATE CAUSE OF DEATH.

In actions to recover payment under provisions of life insurance policies creating additional liability for death resulting directly and independently of all other causes from accidental means but excluding liability if the insured's death results directly or indirectly or wholly or partially from disease or from bodily or mental infirmity, where proof showed that insured sustained a crushing of the tips of two fingers of one hand, suffered extreme pain until death the next day from cerebral hemorrhage, that insured man was afflicted with cerebral arteriosclerosis in a marked degree for a man of his age and that due to consequent weakness of the blood vessels the increased pressure of the blood due to the suffering caused a rupture, resulting in death which accident alone would not have caused, insurer would be under no liability since a bodily infirmity was a contributing cause of death.

2. SAME—CONSTRUCTION OF POLICY.

The court will not make a new contract for parties under the guise of a construction of the policy, when in doing so it will ignore the plain meaning of words.

POTTER, CHANDLER, and McALLISTER, JJ., dissenting.

Appeal from Bay; McCormick (James L.), J. Submitted October 4, 1938. (Docket Nos. 5, 6, Calendar Nos. 39,963, 39,964.) Decided February 2, 1939. Submitted on rehearing June 6, 1939. Decided July 6, 1939.

Separate actions by Fabian R. Budzinski against Metropolitan Life Insurance Company and Victoria Budzinski, administratrix of the estate of Frank X. Budzinski, deceased, against Agricultural Life Insurance Company of America, a Michigan corporation, to recover sums due under accidental death pro-

visions of life insurance policies. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendants appeal. Reversed on rehearing.

*Bernard S. Frasik (Samuel H. Werner,* of counsel), for plaintiffs.

*Clark & Henry (Bulkley, Ledyard, Dickinson & Wright,* of counsel), for defendant Metropolitan Life Insurance Company.

*S. A. Lambert (Bulkley, Ledyard, Dickinson & Wright,* of counsel), for defendant Agricultural Life Insurance Company of America.

*Miller, Canfield, Paddock & Stone, amici curiæ.*

CHANDLER, J. These two suits by the plaintiffs as beneficiaries under life insurance policies issued by the respective defendants, presenting the same questions of law, were consolidated for trial and have been considered together on this appeal from a denial of reserved motions for directed verdicts and motions for new trials.

The facts are not in dispute. Defendants have paid the life insurance benefits under the policies and the suits were instituted to recover payment under the accidental death provisions contained therein. One policy insured against death resulting, "directly and independently of all other causes from bodily injury, effected solely through external, violent and accidental means." It also provided that, "The additional accidental death benefit shall not be payable if the insured's death results * * * directly or indirectly from infirmity of mind or body; from illness or disease, or from any bacterial infection other than bacterial infection occurring in direct consequence of accidental and bodily injuries." The other policy insured against death resulting,

"directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means," but not if death was "the result of * * * or caused by or contributed to directly or indirectly or wholly or partially by disease or by bodily or mental infirmity."

It is agreed that there is no substantial distinction between the language of the two policies as far as these cases are concerned, and for ease in discussion the clause in both policies specifically excluding recovery if death resulted from disease or bodily infirmity is referred to as clause two, and the first provision creating liability for death resulting "directly and independently of all other causes" from accidental means is referred to as clause one.

The insured was injured on January 20, 1936, when he sustained a crushing of the tips of two fingers on his left hand. Following the accident, he suffered extreme pain until his death the next day from a cerebral hemorrhage. Defendants offered no proof but were content to rely upon the medical testimony adduced by plaintiffs which established that the intense pain caused an increase in blood pressure which became so great as to result in the bursting of a blood vessel in the brain and the hemorrhage which followed. The proof showed deceased to be afflicted with cerebral arteriosclerosis in a marked degree for a man of his years, and it was conceded that due to the consequent weakness of the blood vessels the increased pressure of the blood due to the suffering was sufficient to cause a rupture, resulting in death. It was also conceded, that had it not have been for the existence of the cerebral arteriosclerosis, the accident sustained would not have been sufficient to have caused death. Defendants claim that because the condition of the blood vessels was necessarily a factor in conjunction with the accident in producing

the fatal result, there can be no recovery under the provisions of the policies.

The trial court based its decision on *Kangas* v. *New York Life Ins. Co.*, 223 Mich. 238, and held that plaintiffs were not precluded from recovery if the accident was the efficient, dominant, proximate cause of death, even though death was contributed to by the sclerotic condition of deceased's blood vessels; and that the question as to whether or not such accident was the efficient, dominant, proximate cause of death was for the decision of the jury.

Defendants claim that the test applied in the *Kangas Case* is inapplicable here, and that where it is undisputed that the accident alone would not have resulted in death had it not have been for the concurrent effect of arteriosclerosis, the court should have found as a matter of law that plaintiffs could not prevail; and, that it was error to submit the case to the jury. In support of this proposition, the insurers rely principally upon *Jiroch* v. *Travelers Ins. Co.*, 145 Mich. 375; *Rathman* v. *New Amsterdam Casualty Co.*, 186 Mich. 115 (L. R. A. 1915 E, 980, Ann. Cas. 1917 C, 459); *Skinner* v. *Commercial Travelers Mutual Accident Ass'n*, 190 Mich. 353; and *Flood* v. *Order of United Commercial Travelers of America*, 276 Mich. 648. Defendants argue that these cases are comparable to the case at bar because they involved policies similar to clause two, and are to be distinguished from the *Kangas Case* because the latter contained no such provision.

In the *Jiroch Case*, plaintiff brought suit upon an accident policy containing a provision similar to clause two. He had sustained severe burns of both feet, and gangrene developed, necessitating the amputation of one leg. The defendant claimed that the insured at the time of the accident was suffering from diabetes, which was responsible for the gan-

grenous condition.   The only question decided was whether or not the finding of the jury that the diabetes and gangrene resulted from the accident was contrary to the weight of the evidence.   The instruction of the trial court, that there could be recovery only if the accident alone, without the contribution of any preexisting disease or bodily infirmity, either directly or indirectly or wholly or in part, produced the disability, was not questioned by either party or discussed upon appeal.

In *Rathman* v. *New Amsterdam Casualty Co., supra,* we held as a matter of law that it appeared from the evidence that deceased's death was caused, in part at least, by illness and that therefore there could be no recovery by the beneficiary named in the policy. The policy there involved contained an exclusion clause providing that there should be no liability for "any loss caused or contributed to by illness or disease or disappearance or by suicide, whether the assured be sane or insane."   Although the existence of this clause in the policy is indicated in the opinion, it is mentioned by way of emphasis on the fact that liability under the policy attached only to a loss caused by accidental means.   There is no statement contained in the opinion justifying the inference that the result would have been affected if the exclusion clause had been omitted.

Standing by itself, however, the *Rathman Case* must be said to sustain defendants and would lead to the result that there could be no recovery in the instant case if disease contributed in any manner to the death.   However, it is to be noted that the only subsequent case in which it was cited as authority in this jurisdiction is *Abbott* v. *Travelers Ins. Co.,* 208 Mich. 654, in which the same member of this court prepared an opinion in accordance with the views previously expressed by him in the *Rathman*

*Case.* However, the court, evenly divided, affirmed a decision of the trial court holding that there could be recovery even if the disease was a contributing factor if the accident was the efficient, dominant, proximate cause of the result. Although the latter view as far as the *Abbott Case* is concerned was the law of that case only, it was subsequently followed and became the law of this jurisdiction in *Kangas* v. *New York Life Ins. Co., supra,* and cases following. It can fairly be said, therefore, that the view on this question expressed by Mr. Justice Steere in the *Abbott Case* has been modified.

In *Skinner* v. *Commercial Travelers Mutual Accident Ass'n, supra,* we approved the following instruction:

"If the cancer which is claimed by the defendant to have existed prior to that time existed and contributed to his death unquestionably, gentlemen, you must find a verdict for the defendant, because then it would not be the sole cause, and any blow he received would not be the sole cause, and he can only recover where the accident was the sole cause."

The approval of the foregoing instruction places this case in the same category as *Rathman* v. *New Amsterdam Casualty Co., supra,* as far as the question of cause and effect is concerned. It was cited and commented upon by Justice Steere in the *Abbott Case,* and the law evolved by approval of the foregoing instruction must be said to have been modified in subsequent cases by adopting the "efficient, dominant, proximate cause" rule as later enunciated.

As far as provisions are concerned, the policy involved in the *Skinner Case* contained a clause comparable to clause two in the instant case. However, no distinction was drawn on this ground from cases in which a similar clause was not to be found in the policy.

*Flood* v. *Order of United Commercial Travelers of America, supra,* cited by defendants, presents facts not comparable to the instant case.

Plaintiffs rely upon *Abbott* v. *Travelers Ins. Co., supra; Kangas* v. *New York Life Ins. Co., supra; Sanborn* v. *Income Guaranty Co.,* 244 Mich. 99 and *Hoff* v. *Mutual Life Ins. Co. of New York,* 266 Mich. 380.

In the *Abbott Case,* involving a policy not containing a provision to be compared to clause two, it was held that even though a preexisting disease may have contributed to the result following the accident, liability attached if the accident was the efficient, dominant, proximate cause of such result, and that this question was to be determined by the jury. The policy provided for liability if the death resulted from "bodily injury effected through external, violent and accidental means independently of all other causes." It should be noted that some of the cases cited in support of the holding involved policies containing clauses similar to clause two in the instant case, including *Moon* v. *United Commercial Travelers,* 96 Neb. 65 (146 N. W. 1037, 52 L. R. A. [N. S.] 1203, Ann. Cas. 1916B, 222) and *Lickleider* v. *Iowa State Traveling Men's Ass'n,* 184 Iowa, 423 (166 N. W. 363, 168 N. W. 884, 3 A. L. R. 1295). The decision in the *Abbott Case* contains nothing to indicate that a different result would have been reached had the policy contained clause two.

The *Kangas Case* followed the law as applied in the *Abbott Case,* and, after stating the claims of the parties, it was said (pp. 244, 245):

"Each of these conflicting claims was supported by some competent evidence. It was therefore a question for the jury to determine the cause of death, *and if both causes concurred, to say which was the efficient, dominant, proximate cause.*"

Although that policy contained a clause somewhat similar to clause two, it was not commented upon or emphasized as bearing upon the result reached.

The *Abbott* and *Kangas Cases* were subsequently followed in *Sanborn* v. *Income Guaranty Co., supra,* and *Hoff* v. *Mutual Life Ins. Co. of New York, supra.*

We have thus briefly reviewed the cases bearing upon the question in this jurisdiction, some, as we have seen, containing a provision similar to clause two, and others containing no such provision. The important consideration, however, lies in the fact that in none of the cases mentioned did the court in any way indicate that the presence or absence of such a provision had any substantial relation to the result reached.

We recognize that some cases seem to draw a distinction such as is urged by defendants. See 34 L. R. A. (N. S.) 445; 52 L. R. A. (N. S.) 1203. A reading of the cases reviewed in the foregoing annotations, however, leaves doubt as to whether many of them support the distinction relied upon. The doubt is recognized by the commentator in 25 Michigan Law Review, p. 803. And the distinction was expressly repudiated in *Kerns* v. *Ætna Life Ins. Co.* (C. C. A.), 291 Fed. 289, wherein the court, although not following the "efficient dominant, proximate cause" rule, said:

"But it is contended that in *Shryock* [*National Masonic Accident Ass'n of Des Moines* v.] (20 C. C. A. 3 [73 Fed. 775]) this court had before it for interpretation a contract which contained the further condition that the policy should not 'cover any death which resulted wholly or in part, directly or indirectly, from disease or bodily infirmity,' while the contract in the instant case, insures against death from accident 'resulting directly and independently of all other causes.' This is true; the differences in verbiage inhere. But it is difficult, if not impossible, to eke out any legal distinction be-

tween death which results directly and independently of all other causes, and death caused wholly or in part from disease or bodily infirmity. The language used in the policy before us, by limiting liability to cases of death, wherein such death is caused by accident directly and independently of all other causes, just as certainly and effectually excludes liability in a case wherein the accident co-operates with preexisting disease or bodily infirmity, as it would if the latter words were set out in the policy.''

A review of many cases is convincing that most courts divide in result depending upon whether or not the particular jurisdiction in question adopts the view that there can be a recovery under policies containing provisions similar to clause one even though a preexisting disease may have contributed in some manner to the result, and not upon any distinction drawn by reason of the presence or absence of so-called clause two.

In this State we have adopted the rule that the beneficiary can recover if the accident was the efficient, dominant, proximate cause of the disability or death although a preexisting disease may have contributed to the result, and this rule should be equally applicable to the policy here involved in the absence of some sound and substantial legal distinction to be drawn because of the presence of clause two.

Although it was conceded that the accident and the condition of deceased's arteries cooperated to cause death, and that neither was sufficient of itself to obtain this result, under the facts presented, the question as to whether the accident was the efficient, dominant, proximate cause still remained to be determined by the jury.

The judgments are affirmed, with costs to plaintiffs.

BUSHNELL, POTTER and McALLISTER, JJ., concurred with CHANDLER, J.

SHARPE, J. (*dissenting*). I am not in accord with the views of Mr. Justice CHANDLER. The policies provide for the payment of an additional sum of $1,000 upon receipt of due proof that death of the insured has resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means. Clause two of the policies provides that the additional accidental death benefit shall not be payable if the insured's death results directly or indirectly from infirmity of mind or body; from illness or disease.

In this cause the plaintiffs admit and the undisputed medical evidence shows that the injury suffered by deceased would not have caused his death except from the sclerotic condition of the blood vessels.

In *Sturgis National Bank* v. *Maryland Casualty Co.*, 252 Mich. 426, we said:

"The court will not make a new contract for parties under the guise of a construction of the contract, when in doing so it will ignore the plain meaning of words."

In *Fidelity & Casualty Co.* v. *Meyer*, 106 Ark. 91 (152 S. W. 995, 44 L. R. A. [N. S.] 493), the court said:

"It is the duty of courts to give such construction to a policy, if the language used fairly admits, as will make it of some substantial value and carry out the intention expressed therein that liability is incurred where death occurs from accidental injury. If liability is to depend upon the physical condition of the assured as contributing in some degree to death, then it should be so stated plainly in the policy."

From my examination of clause two of the policies, I am constrained to hold that there is no liability in the instant cases as bodily infirmity or disease was a contributing cause of the assured's death. The policies are unambiguous and admit of no other construction.

The judgments of the circuit court should be reversed without a new trial. Defendants should recover costs.

WIEST and NORTH, JJ., concurred with SHARPE, J. BUTZEL, C. J., did not sit.

## ON REHEARING.

BUSHNELL, J. Judgments for plaintiffs were affirmed in this cause on February 2, 1939. See *ante*, 495. The court divided four to three, with Chief Justice BUTZEL not sitting. Rehearing was granted on April 25, 1939, and the appeal was resubmitted upon briefs by stipulation under Court Rule No. 71 (1933).

Upon rehearing we are satisfied that, for the reasons expressed in the former opinion of Mr. Justice SHARPE, the judgments should be reversed without a new trial and with costs to appellants. It is so ordered.

Butzel, C. J., and Wiest, Sharpe, and North, JJ., concurred with Bushnell, J.

Chandler, J. (dissenting). This case is again before us on rehearing. I find nothing in the application for rehearing or the briefs filed in support thereof that either requires or justifies any change in the original prevailing opinion reported ante, 495. That opinion was not based on a ''misconception of the meaning of the Michigan authorities,'' nor is it ''contrary to the great weight of all outside authority'' as appellants contend.

If we adopt appellants' contention we must squarely overrule Abbott v. Travelers Ins. Co., 208 Mich. 654; Kangas v. New York Life Ins. Co., 223 Mich. 238; Sanborn v. Income Guaranty Co., 244 Mich. 99; and Hoff v. Mutual Life Ins. Co. of New York, 266 Mich. 380. In the last-cited case, this court, in an opinion signed by all of its members, said:

''The appellant's theory is that the tumor and the paralysis had an important part in bringing about the death of the insured, and that the injury was not the sole cause of death as required by the policy. The appellee contends that the abrasion and subsequent infection were the proximate causes and her contention is borne out by the testimony. To enable the beneficiary to recover in this State, it is sufficient that the accidental injury be the proximate cause of death.

'' 'Each of these conflicting claims was supported by some competent evidence. It was therefore a question for the jury to determine the cause of death, and if both causes concurred, to say which was the efficient dominant, proximate cause. Even though the contract of insurance should have been interpreted as the defendant claims, the evidence presented a case for the jury.' Kangas v. New York Life Ins. Co., 223 Mich. 238.

''We have examined the authorities submitted by both sides on this issue and do not feel that a new question is presented justifying an exhaustive analysis and compilation of authorities. The profession is well acquainted with previous compilations of authorities by this court. We merely refer to Abbott v. Travelers Ins. Co., 208 Mich. 654; Kangas v. New York Life Ins. Co., supra; Ashley v. Agricultural Life Ins. Co. of America, 241 Mich. 441 (58 A. L. R. 1208); and the footnotes to these cases.

''We agree that the findings of the jury in this case, made after a charge to which no exceptions were taken and probably could not be taken, should not be disturbed, especially since the case falls within the definition given by Justice Nelson Sharpe in Wheeler v. Title Guaranty & Casualty Co., 265 Mich. 296.

''The judgment is affirmed, with costs to appellee.''

I think this court should follow the precedents clearly outlined in its former decisions or else in express terms overrule them.

Potter and McAllister, JJ., concurred with Chandler, J.