LINTERN *v.* MICHIGAN MUTUAL LIABILITY COMPANY.

1. INSURANCE—RENTED TRAILERS—CONSTRUCTION OF POLICY—ORDINANCES—STATUTES.
   Claims that public liability insurance policy issued to principal defendant, engaged in renting trailers, must be construed in connection with incidental use of trailers, ordinance of city requiring lessors to carry public liability insurance or the State financial responsibility act cannot prevail against terms of insurance policy providing that insurance applied only to insured with respect to trailers owned by him and rented to others for use with private passenger automobiles (CL 1948, §§ 256.251–256.269).

2. SAME—CONSTRUCTION OF POLICY.
   The court will not make a new contract for parties under the guise of a construction of an insurance policy, when in doing so it will ignore the plain meaning of words.

3. SAME—CONSTRUCTION OF POLICY—TRAILERS—PUBLIC LIABILITY POLICY OF LESSOR.
   Public liability insurance, limited in application to trailers owned by insured and rented to others, was not effective so as to cover damages suffered by plaintiff by reason of collision with trailer owned by insured and upon which another trailer had been loaded by insured's employee and towed by such employee's own car as an accommodation to the insured but without the authority or request of insured's general manager.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 12, 1950. (Docket No. 70, Calendar No. 44,774.) Decided June 5, 1950.

---

* Continued from Volume 327.

REFERENCES FOR POINTS IN HEADNOTES

[2] 29 Am Jur, Insurance, § 157.

Garnishment by Alfred L. Lintern against Michigan Mutual Liability Company as garnishee of Mabel Baxter, doing business as Rent-A-Trailer Company. Judgment for defendant. Plaintiff appeals. Affirmed.

*Payette & Hodgman,* for plaintiff.

*Earnest P. La Joie,* for defendant.

SHARPE, J. This is a garnishment proceeding by which plaintiff seeks to enforce the payment of a judgment on the theory that the public liability insurance policy issued by the insurer covers the accident. Plaintiff recovered a judgment against the principal defendants Harold Zentz and Mabel A. Baxter, doing business as Rent-A-Trailer Company which company was in the business of renting trailers to the public. Roy Baxter was the general manager of the company. On the day of the accident, Harold Zentz, an employee of the company, was returning from Chicago to Detroit and was bringing with him 2 trailers when he collided with an automobile being operated by plaintiff, A. L. Lintern. Plaintiff suffered injuries and brought action resulting in a judgment against the principal defendants. For further facts see *Lintern* v. *Zentz,* 327 Mich 595, and *Wernicke* v. *Zentz,* 327 Mich 605.

The record shows that in returning the trailer to Detroit, Zentz was acting without authority or the request of general manager Baxter.

At the time of the accident, defendant Baxter had in force a policy of public liability insurance issued by the garnishee defendant, Michigan Mutual Liability Company, covering the trailers. The principal issue in this case involves an interpretation of

the insurance policy. That part of the policy at issue reads as follows:

"The insurance applies only to the named insured with respect to trailers owned by him and rented to others for use with automobiles of the private passenger type."

The trial court held that the policy of insurance applies only to trailers owned by the insured and rented to others. A judgment was entered in favor of the garnishee defendant.

Plaintiff appeals and urges that the language heretofore quoted in the insurance policy is a description of the trailers rather than a limitation upon their use. Plaintiff also urges that in construing the insurance policy it must be assumed that the policy covers uses necessarily incidental to rental of trailers such as the return to Detroit of rental trailers; that the insurance policy must be construed in connection with an ordinance of the city of Detroit requiring lessors of trailers to carry public liability insurance in order to get a license to operate a rent-a-trailer company; and that it must be construed with reference to the Michigan financial responsibility law in effect at the time of the accident (CL 1948, §§ 256.251-256.269 [Stat Ann §§ 9.1541-9.1557]).

For the purpose of this case we shall assume that the use made of the trailers on the day in question was a proximate cause of the accident and the injuries sustained.

We are not impressed with the views urged by plaintiff that the policy must be construed in connection with the incidental use of trailers, the ordinance of the city of Detroit requiring lessors of trailers to carry public liability insurance in order to get a license to operate a rent-a-trailer company, or the Michigan financial responsibility law. Such

claims cannot prevail against the unquestioned terms of the agreement as written in the insurance policy.

In *Budzinski* v. *Metropolitan Life Insurance Co.*, 287 Mich 495, 504, we quoted with approval from *Sturgis National Bank* v. *Maryland Casualty Co.*, 252 Mich 426, where it was said:

"The court will not make a new contract for parties under the guise of a construction of the contract, when in doing so it will ignore the plain meaning of words."

In the case at bar the plain meaning of the terms embodied in the insurance policy is that insurance is effective only when the trailer is owned by the insured *and also* rented to others. To hold otherwise would in effect rewrite the insurance policy. This we may not do.

The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.