BERGER *v*. TRAVELERS INSURANCE COMPANY

1. INSURANCE—APPEAL AND ERROR—DISEASE—ACCIDENT.
   Holding of trial court in suit on two accident insurance policies that the death of plaintiff decedent resulted at least in part from an arteriosclerotic heart disease and not solely from his accidental injuries and therefore plaintiff beneficiary was not entitled to recover under such policies *held*, correct, where both policies contain both a "sole cause" clause excluding coverage when death was not solely caused by accident, and an "exclusionary" clause, which expressly negated insurer's liability in the event death is caused directly or indirectly, wholly or partly, by disease.

2. SAME—APPEAL AND ERROR—EVIDENCE—ACCIDENT—DISEASE.
   Evidence found in the record in action on accident insurance policies *held*, sufficient to support trial court's finding of fact that the death of plaintiff's decedent was caused at least in part by a pre-existing arteriosclerotic heart disease.

Appeal from Court of Appeals, Division 3; Holbrook, P. J., Burns and J. H. Gillis, JJ., affirming Muskegon, Beers (Henry L.), J. Submitted March 9, 1967. (Calendar No. 12, Docket No. 51,421.) Decided April 10, 1967.

2 Mich App 269, affirmed.

Declaration by Margie S. Berger against Travelers Insurance Company for death benefits under two

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29A Am Jur, Insurance §§ 1212, 1853.
   Arteriosclerosis as affecting right to recovery under accident policy or accident provision of life policy. 82 ALR2d 611.

insurance policies issued on the life of her husband who died following an automobile accident. Judgment for defendant. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Vernon D. Kortering, of counsel), for plaintiff.*

*Hathaway, Latimer, Clink & Robb (H. Winston Hathaway, of counsel), for defendant.*

Souris, J. Plaintiff's deceased husband was insured by defendant company against accidental death in two policies in which plaintiff was named the beneficiary. Each policy contained a "sole cause" clause and an "exclusionary" clause. They are set forth in the margin.* In her suit for the proceeds

---

* The pertinent clauses in the first policy are:

"THE TRAVELERS INSURANCE COMPANY,
Hartford, Connecticut,
Does hereby insure

"LuVerne C. Berger under classification "B" by occupation a salesman—office and traveling duties of petroleum products against loss resulting directly and independently of all other causes from bodily injuries sustained during the term of this policy and effected solely through accidental means, subject to the provisions, conditions and limitations herein contained, as follows: * * *

"The insurance under this policy shall not cover hernia, nor shall it cover accident, injury, death, disability or other loss caused directly or indirectly, wholly or partly, (1) by bacterial infections (except pyogenic infections which shall occur through an accidental cut or wound), or (2) by any other kind of disease, or (3) by war or any act of war or suffered by the insured while in military or naval service in time of war; nor (4) shall it cover loss resulting from any injury, fatal or nonfatal, sustained by the insured while in or on any vehicle or mechanical device for aerial navigation, or in falling therefrom or therewith, or while operating or handling any such vehicle or device; nor (5) shall it cover suicide or any attempt thereat (sane or insane)."

The pertinent clauses in the second policy are:

"If bodily injury not hereinafter excepted effected directly and independently of all other causes through accidental means shall be sus-

of the policies Mrs. Berger claims her husband died as the result of injuries received in an automobile accident in September of 1960. The insurer's defense is that Mr. Berger's death resulted at least in part from an arteriosclerotic heart disease and not solely from his accidental injuries.

The circuit judge, sitting without a jury, held for the defendant and the Court of Appeals affirmed. 2 Mich App 269. We also affirm, but our view of the applicable law differs from that of the Court of Appeals.

In *Nickola* v. *United Commercial Travellers of America* (1964), 372 Mich 600, decided by this Court during the interim between trial and entry of judgment in this case, we construed a "sole cause" clause similar to those appearing in the policies of insurance here, in accordance with our earlier decision in *Kangas* v. *New York Life Insurance Co.* (1923), 223 Mich 238. In *Kangas,* and again in *Nickola,* we said that such clauses do not necessarily preclude recovery when death results from a combination of accidental injury and pre-existing disease but, rather, that recovery may be had when it is proved as a matter of fact that "an accidental external injury was the efficient, dominant, proximate cause of the death of the insured." *Kangas, supra,* p 244.

In this case of Berger, however, the "sole cause" clauses do not stand alone. There is in each policy, in addition, an "exclusionary" clause which expressly negates the insurer's liability in the event death is

tained by a member employee while insured under this part and shall result, within 90 days of the date of accident, in any one of the losses enumerated below, the company will pay the sum set opposite such loss, but only one of the amounts so specified, the largest, will be paid for all injuries resulting from any one accident. * * *

"The insurance under this part shall not cover

"(1) accident, injury, death or other loss caused directly or indirectly, wholly or partly, by disease or infection (except pyogenic infection which shall occur through an accidental cut or wound), or by war or any act of war,

"(2) suicide or any attempt thereat (sane or insane)."

caused directly or indirectly, wholly or partly, by disease. The legal effect of similar language appearing in insurance policies, particularly when used in conjunction with a "sole cause" clause, has divided this Court in the past. See *Budzinski* v. *Metropolitan Life Insurance Co.* (1939), 287 Mich 495. However, on rehearing in *Budzinski, supra,* at pp 504, 505, and in *Bristol* v. *Mutual Benefit Health & Accident Association* (1943), 305 Mich 145, and *Scharmer* v. *Occidental Life Insurance Co.* (1957), 349 Mich 421, this Court committed itself to the view that such "exclusionary" clauses necessarily *do preclude* recovery when death results from a pre-existing disease or from a combination of accident and pre-existing disease.

As we read the cases above cited, they are not now in conflict. *Bristol* and *Scharmer* resolved the conflict which divided the Court at the time of *Budzinski* by ruling that *Kangas* governs when only a "sole cause" clause appears in the policy of insurance, such as was the situation in *Nickola,* and that *Bristol* and *Scharmer* govern, on the other hand, when an "exclusionary clause" is used alone or in conjunction with a "sole cause" clause, such as is the situation in this case of Berger.

In this case the evidence, summarized in the opinion of the Court of Appeals, *supra,* was sufficient to support the circuit judge's finding of fact that Mr. Berger's death was caused at least in part by a pre-existing arteriosclerotic heart disease. The "exclusionary" clauses of the insurance policies, therefore, excluded the insured's death from their coverage. We affirm. Defendant may tax its costs.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, ADAMS, and BRENNAN, JJ., concurred.