**Roberta E. BREDE, Plaintiff,**

**v.**

**CONTINENTAL CASUALTY COMPANY and Metropolitan Life Insurance Company, Defendants.**

**Civ. A. No. 74–71479.**

United States District Court,
E. D. Michigan, S. D.

Sept. 25, 1975.

Kenneth L. Rancilio, Sterling Heights, Mich., for plaintiff.

John Renke, II, and Dickinson, Wright, McKean, Cudlip & Moon, Herbert Sparrow, III, Detroit, Mich., for defendant Metropolitan Life Ins. Co.

James A. Thorpe, III, Southfield, Mich., for defendant Continental Casualty Co.

## OPINION AND ORDER GRANTING MOTION OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY FOR SUMMARY JUDGMENT

KENNEDY, District Judge.

This action is one to recover benefits alleged to be due under group insurance policies by reason of the death of plaintiff's husband. It is alleged that he died of a heart attack suffered while responding to a fire as part of his job at General Motors Corporation.

Defendant Metropolitan Life Insurance Company has moved for summary judgment on the ground that a death under the circumstances pertaining to the death of plaintiff's husband does not come within the policy provisions for "Extra Accident" coverage.

For the purposes of this motion, counsel for plaintiff and for Metropolitan Life Insurance Company have stipulated to the policy language set out in Metropolitan Life Insurance Company's answer (Count II, paragraph 1). They have further stipulated that the only expert witness plaintiff has or will call is a Dr. Alan Belkin, whose deposition has been filed.

As recited in the stipulation, Section 7(B) of the policy provides, in part:

> Upon receipt of notice and satisfactory proof . . . that any employee, while insured hereunder, shall have sustained bodily injuries solely through violent, external and accidental means . . . the Insurance Company shall pay . . . the amount of insurance specified . . . provided, however, that in no case shall any payment be made for death or any other loss which is caused wholly or partly, directly or indirectly by:
>
> (i) disease or bodily or mental infirmity.

This paragraph of the Metropolitan Life Insurance Company policy contains language which the Michigan Supreme

Court classified, considered and clarified in its decision in *Berger v. Travelers Ins. Co.,* 379 Mich. 51, 149 N.W.2d 441, 1967. The Court identified two types of clauses; both of which are found in the Metropolitan Life Insurance Company policy: *"Sole cause"* provisions (in the instant Metropolitan policy—"shall have sustained bodily injuries solely through violent, external, and accidental means"), and *"exclusionary"* clauses (in the instant policy—"in no case shall any payment be made for death . . . which is caused wholly or partly, directly or indirectly by disease . . . ").

In *Berger,* the Michigan Supreme Court said:

> In *Nickola v. United Commercial Travellers of America* (1964), 372 Mich. 600, 127 N.W.2d 309, . . . we construed a "sole cause" clause . . . in accordance with our earlier decision in *Kangas v. New York Life Ins. Co.* (1923), 223 Mich. 238, 193 N.W. 867. In *Kangas,* and again in *Nickola,* we said that such clauses do not necessarily preclude recovery when death results from a combination of accidental injury and preexisting disease but, rather, that recovery may be had when it is proved as a matter of fact that "an accidental external injury was the efficient, dominant, proximate cause of the death of the insured." *Kangas, supra,* p. 244, 193 N.W. [867] p. 869.

> In this case of *Berger,* however, the "sole cause" clauses do not stand alone. There is in each policy, in addition, an "exclusionary" clause which expressly negates the insurer's liability in the event death is caused directly or indirectly, wholly or partly, by disease . . . On rehearing in *Budzinski* [*v. Metropolitan Life Insurance Co.* (1939), 287 Mich. 495, 283 N.W. 662] and in *Bristol v. Mutual Benefit Health & Accident Association* (1943), 305 Mich. 145, 9 N.W.2d 38 and *Scharmer v. Occidental Life Insurance Co.* (1957), 349 Mich. 421, 84 N.W.2d 866, this Court committed itself to the view that such "exclusionary" clauses necessarily *do preclude* recovery when death results from a preexisting disease or from a combination of accident and preexisting disease.

379 Mich. at 53–54, 149 N.W.2d at 442. [emphasis original].

Plaintiff does not really challenge the applicability of the standard as set out in the *Berger* case. Her argument is that the question of whether the death of her husband was in fact caused "wholly or partly, directly or indirectly, by disease" is one for the jury. Both sides rely on the deposition of Dr. Belkin to support their respective arguments.

Plaintiff primarily relies on the portion of the doctor's deposition in which he indicates that the stressful situation created by the fire was probably a contributing cause to the death. The clearest passages with reference to this theory are the following:

Q. All right. I take it, Doctor, that you did come to that conclusion, that is that stress played some factor on the onset of Mr. Brede's myocardial infarction, is that correct?

A. Yes.

[Belkin deposition, p. 67].

Q. All right. Based on this man's history and your knowledge through your practice, and your education of the part that stress and strain play on the individual as a build-up to a heart attack, is there any probability in your own mind as to whether or not this was a cause, the stress and strain?

A. Yes, I think it's related as far as the stressful situation in relation to the death of Mr. Brede.

Q. Could it be said it is reasonably probable from a medical point of view that the stress was definitely related?

A. From my medical point of view. [P. 68–69].

Q. Would you give us an opinion as to whether or not the stress was a dominant cause, significant cause?

A. I feel that the stress was probably was related and was a causative factor.

[P. 69].

Q. Could it be said, Doctor, that there is a reasonable medical probability in your mind, but for the stressful situation that he may not have had the heart attack, at least at this place and time?

A. Probably not.

[P. 70].

The defendant's brief refers to many passages in the deposition which describe the course of the doctor's contact with Mr. Brede. (Mr. Brede was being treated by the doctor on a regular basis for conditions including high blood pressure) and the doctor's opinion regarding Mr. Brede's condition. His opinion was that the decedent had marked degree of arteriosclerosis and hypertensive cardiovascular disease. [Deposition at 19–20].

Regarding the cause of death, the doctor stated that he had signed the death certificate although he had not seen the decedent after the heart attack (the patient had been to the doctor's office the morning of his death for a routine examination).

The passages most clearly supporting the defendant's position are the following:

Q. With respect to this deposition exhibit [death certificate] what were the causes or consequences of death of Mr. Brede in your opinion?

A. Myocardial infarction due to or as a consequence of coronary artery thrombosis due to or as a consequence of hypertensive cardiovascular disease.

[P. 33].

Q. Is arteriosclerosis a disease?

A. Yes.

Q. All right. Hypertensive cardiovascular disease is just that, a disease?

A. Yes.

Q. And in your opinion then, based upon all of your examinations, these diseases did contribute to Mr. Brede's death?

A. Yes.

[P. 39].

Q. All right. Can you give me, based upon your examinations, your best medical opinion as to what the underlying primary cause of Mr. Brede's death was?

A. According to the death certificate which I signed, it was myocardial infarction.

Q. And that was a result of what, Doctor?

A. A coronary.

Q. What is the primary cause of the myocardial infarction?

A. A coronary thrombosis.

Q. What is the primary cause of the thrombosis in your opinion?

A. In this case?

Q. Yes.

A. Hypertensive cardiovascular disease.

Q. Would you call that the dominant cause in your mind? (an objection was made).

A. As an underlying cause, yes.

[P. 42–43].

Plaintiff correctly points out that the Michigan cases relied upon by defendant were ones where the trial court had found as a fact after trial that a disease had been a cause of the death. However, these were cases in which there was a considerable dispute as to the effect of the disease. (For example, *Berger v. Travelers Insurance Co.,* 379 Mich. 51, 149 N.W.2d 441 (1967) was a case that involved a death from a heart attack two weeks after an automobile accident in which there was conflicting

**136**

medical testimony regarding whether there had been injury to the heart in the collision).

Plaintiff's argument is that it must be found as a fact that the heart disease was a cause. This is true, but it does not address the question of whether the Court can find that there is no genuine issue as to any material fact when presented with uncontradicted, unequivocal statements by the only expert to be offered. Both sides adopt the opinion of Dr. Belkin. That opinion, under the rule set out by the Michigan Supreme Court in *Berger, supra,* establishes that a disease caused, "directly or indirectly, wholly or partly," the death of Mr. Brede.

The standard to be followed by the Court in determining when summary judgment is appropriate is set out in *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962):

> In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated.

■ Applying that standard to the record before the Court in this case, in which plaintiff has stated she will rely solely on the testimony of Dr. Belkin for expert testimony as to the cause of death and viewing that testimony in the light most favorable to the plaintiff, there is no material issue of fact. The expert witness' testimony is that death resulted from "a combination of accident and pre-existing disease."

■ As the United States Court of Appeals stated in *Appolonio v. Baxter,* 217 F.2d 267, 271 (6th Cir. 1954):

> "Although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact, the opposing party must sufficiently dis-

close what the evidence will be to show that there is a genuine issue of fact to be tried." [quoting *Surkin v. Charteris,* 197 F.2d 77, 79 (5th Cir. 1952)]. The assertion in affidavits of the appellants that at the trial the claimants may produce further evidence does not preclude the granting of a summary judgment.

Plaintiff here does not even assert that at trial she will produce further expert evidence. Lay witnesses as to the deceased's stressful activities will not alter the medical evidence as to the cause of death. Dr. Belkin's opinions have already taken into account stressful activity by the deceased immediately prior to his death.

For the foregoing reasons, the motion of defendant Metropolitan Life Insurance Company for summary judgment is granted.