Defendant in error was the wife of William J. Etchen, who became an insured member of the Order of United Commercial Travelers of America July 13, 1916, and was the holder of Certificate No. 129013, which insured him from disability, *Page 423 
loss of time, or death due to accidental means, alone and independent of all other causes.
It appears from the record in this case that the insured was driving his automobile west on West Fifth avenue in the city of Columbus on the night of January 23, 1926; that his automobile was seen to suddenly turn from the north to the south curb, strike the south curb, and then turn diagonally across the street over the north curb; that the machine was found shortly afterward with the front end thereof against a billboard some 60 feet from the said north curb, and that the automobile apparently had struck the billboard with sufficient force to break a 2x6 railing on the billboard.
When the automobile was discovered, the said William J. Etchen was found unconscious and lying across the steering wheel of the automobile, with blood flowing from a wound in his head and from the nose and mouth. A few minutes after he was so discovered one witness testified that he felt his pulse, and noted three pulse beats.
A post mortem examination was held in which it was disclosed that the decedent was suffering from an aneurism on the arch of the aorta.
There was evidence tending to support the claim of the defendant in error that the death of William J. Etchen was due to an accident. The plaintiff in error claims that the aneurism was the real cause of the death of said William J. Etchen. The controversy as to the cause of death of the decedent was submitted to the jury, with the result that the jury found in favor of the plaintiff below.
We have carefully read the record in this case, and, as counsel are thoroughly familiar with same, *Page 424 
we will not undertake to quote therefrom in detail, but will merely announce the conclusion at which we have arrived after a consideration of the entire record.
We think there are facts and circumstances disclosed by the record from which the jury could have reached the conclusion that the death of the said William J. Etchen was due solely to an accident.
Without attempting to discuss the authorities in detail which have been cited in the briefs of counsel for both plaintiff in error and defendant in error, we are of opinion, from a consideration of the same, that the controlling features in U.S.Casualty Co. v. Thrush, 21 Ohio App. 129, 152 N.E. 796;Rheinheimer v. Ætna Life Ins. Co., 77 Ohio St. 560, 83 N.E. 491, 15 L.R.A. (N.S.), 245, and in the recent decision of this court in the case of Kentucky Central Life Accident Insurance Co. v.Walton, in the Court of Appeals of Clark county, in which case the Supreme Court, on February 22, 1928, overruled a motion to certify, support the right of defendant in error to recover upon the policy in question.
Counsel for plaintiff in error have called especial attention to the case of Railway Mail Ass'n. v. Weir, 24 Ohio App. 5,156 N.E. 921, decided February 8, 1927. In that case there were no visible marks upon the body of the decedent indicating an accident, and therefore it was found that the death of Weir was due solely to the heart disease from which he was shown to be suffering. The Weir case is therefore distinguishable, for in the case at bar there were marks upon the body showing some accident.
Counsel for plaintiff in error also claim that defendant in error is not entitled to recover, because *Page 425 
her suit was not commenced within six months after her claim was disallowed by the supreme executive committee of plaintiff in error. The claim was disallowed by the supreme executive committee on March 15, 1926, and a letter so advising defendant in error was written by plaintiff in error under date of March 17, 1926. This suit was commenced the 4th day of March, 1927. The policy of insurance contains the following provision:
"No suit or proceedings, either at law or equity, shall be brought to recover any benefits under this article after six months from the date the claim for said benefits is disallowed by the supreme executive committee."
It appears that, almost immediately after the rejection of the claim, the defendant in error became sick and mentally incompetent to transact business. This condition continued for a considerable time, and it was only by special care on her part that she finally recovered. We think the principles announced in the case of Employers' Liability Assurance Corp. v. Roehm,99 Ohio St. 343, 124 N.E. 223, 7 A.L.R., 182, and other cases cited, entitled defendant in error to begin her proceedings as soon as the disability disclosed by the record was removed.
We have considered all of the errors urged by counsel for plaintiff in error in their brief, but, finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.
Judgment affirmed.
FERNEDING and ALLREAD, JJ., concur. *Page 426