236

## HULL v METROPOLITAN LIFE INSURANCE CO.

Ohio Appeals, 1st Dist, Clermont Co

No 148. Decided May 1, 1941

Britton & Britton, Batavia, for appellee.

Marble & Vordenberg, Cincinnati, for appellant.

## OPINION

By HAMILTON, J.

Elsie Hull, plaintiff below, and appellee here, brought her action against the defendant Life Insurance Company, appellant here, seeking to recover under what is designated the double indemnity clause on three accident and life insurance policies, issued by the defendant company to and on the life of her husband, Raymond Hull. The plaintiff was named the beneficiary in all three policies.

The double indemnity clause under which plaintiff seeks to recover is in the policies, and is as follows:

"Upon receipt of due proof that the death of the insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule, ____ . The additional benefit shall be payable only if (a) death occurs within 90 days from the date of such injuries ____ . The additional benefit shall not be payable if the Insured's death

(a) is caused or contributed to by disease or infirmity. ____ ."

The case was tried to a jury.

At the close of the plaintiff's evidence, the defendant moved for an instructed verdict. which was overruled, and the motion was renewed at the close of all the evidence, which the Court overruled. and submitted the cause to the jury The jury found in favor of the plaintiff, and judgment was entered in her favor on that verdict. A motion was made by the defendant for judgment, notwithstanding the verdict. This, the court also overruled.

The errors complained of are: Overruling of defendant's motion for a new trial; error in the overruling of defendant's motion for judgment, notwithstanding the verdict; error in the admission of certain testimony. Our decision in the matter will determine all the questions of error presented.

The decedent died July 31st, 1939.

The question involved is whether or not he died from injuries received from an accident, independent of all other causes. and whether his death was caused solely by external, violent, and accidental means, or whether insured's death was caused or contributed to by disease or infirmity.

In order to recover, it was necessary for the plaintiff to prove ██ these essential elements in her case. **Sobolovitz v Lubric Oil Co., 107 Oh St 204.**

The plaintiff's evidence, in substance, disclosed the following facts: The decedent, insured, was an employee of a grocery in Madeira, Ohio, for a number of years, and during his employment he had not lost any time or been incapacitated from work. On May 12, 1939. in the course of his employment, he was delivering groceries, and took a basket which was heavily laden with groceries into the home of one Mrs. Maude Brown, a regular customer. He went into the home of Mrs. Brown through a sun room which had been recently waxed. Mrs. Brown heard something fall. and upon investigation saw Mr. Hull laboring to get up from the floor. He succeeded in arising, but was in a stooped position. He failed to answer any inquiries by her, and appeared to be unable to talk. Laboring and in the stooped position, he went to his delivery truck, and drove back to the grocery, where he appeared to be in such condition that his employer directed that he go home. He was taken home and a doctor called, who had his office in the same apartment building. He claimed his back hurt, and the Doctor put him to bed, and not showing any improvement, some day later he was taken to the hospital for X-Rays. He was X-rayed and it was discovered that he was suffering from a fractured vertebra He was placed in a plaster cast and was taken home. The family physician called on him frequently, and he lingered until July 31st, 1939, when the cast was taken off at his home, and he was taken to the hospital. where he died seventeen minutes after he had arrived.

The coroner was called and he pronounced death due to multiple myeloma. The family doctor not being satisfied procured an autopsy.

On cross-examination, the plaintiff's witness. the family doctor, gave his opinion, which he based on the result of his observation and the report of the autopsy, that the insured died from multiple myeloma.

This, in substance, was what the plaintiff established by her evidence.

The trial court would have been justified in granting the motion at this time for an instructed ██ verdict, as this evidence does not establish that the insured's death was caused solely by bodily injuries by external, violent, and accidental means.

The defendant thereupon put on its evidence, which consisted largely of the medical report on the autopsy and expert medical testimony.

It was conclusively established by the defendant by the autopsy and by the expert testimony given that the decedent at the time of his death was afflicted with multiple myeloma involving the 11th vertebra and multiple ribs;

with moderate cardiac hypertrophy and dilation; that there was fluid within the pleural cavity which contains the lungs; that there was a collapse of lung tissue, due to pressure from the fluid; with fibrinous pleuritis, left, and fibrinous peritonitis with ascites; with chronic passive congestion and fatty infiltration of the liver; with mechanical obstruction of the right ureter with right hydroureter and hydronephrosis; and with other named conditions which involved the action of the kidneys; with extensive peripheral edema, which means the extensive swelling of the extremities and most of the entire body; and he was afflicted with early generalized vascular sclerosis. The evidence is that all of these conditions contributed to cause his death.

The X-Ray showed a breaking of the 11th vertebra.

The evidence is that the condition of the man, above set out, would make him subject to easy bone fracture. The undisputed evidence is that these conditions existed over a period of months.

It must be remembered that this medical evidence was not refuted by any expert testimony offered by the plaintiff. Plaintiff's own evidence of the family doctor is, that in his opinion death was caused by multiple myeloma.

As above stated, at the close of all the evidence the defendant moved for an instructed verdict, which motion was overruled. The court should have granted the motion. Reasonable minds could not differ on the proposition that the death of the insured was contributed to, if not entirely caused, by disease and infirmity. It was shown, although not of great importance, that on April 29, 1939, decedent suffered a fall, but was not incapacited, although a claim was filed with the Industrial Commission, which fall may or may not have been a contributing cause to the insured's condition, which resulted in his death.

In the case of **Railway Ass'n. v Weir, 24 Oh Ap 5**, which was a somewhat similar case, the Court stated:

"Indeed we find no evidence tending to show that the shock caused the death of Mr. Weir. All the evidence tends to show that there was a diseased condition of the arota resulting in the formation of placques, and that the release of one or more of these placques caused an embolism resulting in death, to which the disease was a contributing cause, and there was no evidence whatsoever tending to prove the contrary. * * *. In view of this testimony, we are forced to the inevitable conclusion that the cause of death of Mr. Weir was the result of the combined effects of the possible shock, giving it the most liberal view, and a preexisting disease."

These same observations might be made in the case under consideration. Certainly, no reasonable mind could conclude, in the absence of other testimony, that the fall was the sole cause of death. The only reasonable conclusion is that the death, if contributed to by the fall, was not caused solely by the fall.

The court, therefore, was in error in overruling the motion for an instructed verdict at the close of all the evidence and also erred in overruling the motion for judgment notwithstanding the verdict.

For these errors, the judgment is reversed, and judgment will be entered in this court for the defendant-appellant.

MATTHEWS, PJ. & ROSS, J., concur.