**NEW YORK LIFE INSURANCE COMPANY, Appellant,**

v.

**Sayde F. HOFFMAN, and Harry E. Hoffman, a minor, Appellees.**

**No. 12196.**

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1954.

Jamison, Ulrich, Hope, Johnson & Burt, Cleveland, Ohio, for appellant.

Moss & Eckstein, Cleveland, Ohio, Bulkley, Butler & Rini, Cleveland, Ohio, for appellees.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Upon the verdict of a jury, judgment was entered in favor of the appellee, Sayde F. Hoffman, and her minor son, for recovery of double indemnity under an insurance policy issued by the appellant, New York Life Insurance Company, on the life of her deceased husband, father of her minor son.

The issue presented is whether "the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means." The decedent, when killed, was driving his automobile, which ran off the highway and collided with a tree on the golf course of a country club adjacent to the road in the suburbs of Cleveland, Ohio.

The appellant avers that its motions for a directed verdict and for a judgment *non obstante veredicto* should have been granted, and that the court erred in certain respects in its charge to the jury. Appellant contends that the death of appellee's decedent was not occasioned by external, violent, or accidental means, but was caused by coronory sclerosis and thrombosis. Its argument rests primarily on the testimony of the only eyewitness to the accident, that the decedent, when leaving the highway, did not have his hands on the steering wheel but was bent backwards on the driver's seat with his head and arms thrown backward and with his arms overhead; and upon the testimony of an expert medical witness and the conclusion of the coroner that, from autopsy findings, the death of the insured resulted solely from the aforementioned thrombosis. The theory of the appellant was carefully presented to the jury in the court's charge.

The wife of decedent and his employer both testified to the good health of the decedent before the accident. The wife swore that, during the approximately ten years of their married life, her hus-

band had not been sick; and that he had had no physical examination by a doctor, except for life insurance and for a minor ear trouble caused by the accumulation of wax which had been quickly relieved. She stated that he had never complained of feeling ill; that he had played golf, tennis and badminton, and had helped her with the gardening; and that he had indulged in these activities up to the time of his death. She testified further that, on the morning of the accident, he appeared normal and ate his usual well balanced meal, and that he was not depressed when he kissed her and the children and said his final goodbye.

Decedent's employer, by whom he had been continuously employed for some seventeen years, testified that decedent had never to his knowledge been sick, nor had he ever taken a day off from work on account of illness.

A well qualified doctor, with years of hospital experience and more than eight years' service as Assistant County Coroner, during which time he had performed many autopsies, swore positively that, in his opinon, death had been caused by the violent striking of the tree, which caused the decedent to choke and his heart to fail; and that the thrombosis or occlusion described in the autopsy report had resulted from decedent's automobile striking the tree. He described the lump of blood over decedent's eyebrow as caused by an external violent force, as was the linear scratch back of the ear on the left side, across the neck to a point near the Adam's apple, penetrating the outer layer of the larynx; and said that the puncture-like wound was such that the entrance of blood into the trachea would cause choking and strangulation. The doctor expressed the opinion, also, that decedent's heart—from the autopsy showing—was normal in size, that it was tender and, in his judgment, free from disease of any serious consequence. He said that, based upon the autopsy report, there was no impairment of the heart and nothing to show any previous attack; and that he believed that the death was caused by injuries sustained in the accident.

 In our view, the conflicting evidence as to the cause of death presented a jury issue, which has been resolved on substantial evidence in favor of appellee's insistence that the death of her husband was caused by external, violent and accidental means. We think, moreover, that there was no reversible error in the judge's charge, which made it plain to the jury that the burden rested on plaintiff to show from the evidence that decedent's death resulted solely from injuries sustained in the accident, independent of all other causes. The judge instructed: "If existing arteriosclerosis or heart disease caused, or in any degree contributed, to Hoffman's death, there can be no recovery in this case."

The judgment of the district court is affirmed; and it is so ordered.