Samuel R. FERGUSON, Plaintiff-Appellee,

v.

The PRUDENTIAL INSURANCE COMPANY, Defendant-Appellant.

No. 18172.

United States Court of Appeals Sixth Circuit.

July 24, 1968.

F. Thomas Green, of Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for appellant.

William H. Selva of Curtner, Selva, Parkin, Seller & Barnhart, Dayton, Ohio, for appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Prudential Insurance Company of America, defendant-appellant, from a judgment for $60,000 plus interest in favor of Samuel R. Ferguson, plaintiff-appellee. The action was brought in the United States District Court for the Southern District of Ohio, Western Division, and tried before the court without a jury.

A motion to dismiss the appeal for the reason that the notice of appeal was not timely filed was made by counsel for the appellee. The notice was filed six days after the time fixed by Rule 73(a) of the F.R.Civ.P., as amended, effective July 1, 1966. This amended rule provides,

> "(2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed:"

The district judge found that there was excusable neglect in failing to file the notice of appeal within the original time fixed by rule 73(a) and granted an extension of 30 days in which to file it. Considering the facts of this case, we conclude that the district judge did not

abuse his discretion. The motion is therefore denied.

Samuel R. Ferguson, plaintiff, was insured under a group policy of insurance issued by the defendant, Prudential, at its Western Home Office at Los Angeles, California, to Georgia-Pacific Corporation. The plaintiff was an employee of Georgia-Pacific. The policy commonly called a dismemberment policy provided as alleged in the answer:

"(T)hat if Plaintiff should suffer the loss of both feet above the ankle solely as a direct result of accidental bodily injuries and independently of all other causes within ninety (90) days after Plaintiff sustained such injuries, Defendant would pay to Plaintiff the maximum sum of sixty thousand dollars ($60,000), providing further that such insurance, covering loss of foot or feet, would not cover any loss of foot or feet which resulted directly or indirectly from bodily or mental infirmity or disease or medical or surgical treatment thereof."

On October 26, 1964, the plaintiff was involved in an automobile accident in which, as alleged in the complaint, he sustained injuries to his neck, back and pre-existing abdominal aneurysm of the aorta. The aneurysm being previously dormant became activated and required surgery which was performed on November 13, 1964. The surgeon found that there were fresh adhesions between the aneurysm and the duodenum. It is claimed that the adhesions were caused by the accident and that they caused the operation to be unusually difficult and prolonged the time of the operation which resulted in the formation of clots in the legs. Gangrene developed and it was necessary to amputate both legs, one on November 24th and the other on November 30th.

The issue before the trial judge was whether the plaintiff suffered the loss of both feet solely as a direct result of accidental bodily injuries and independently of all other causes and not as a result directly or indirectly from bodily or mental infirmity or disease or medical or surgical treatment thereof. This issue presents questions of fact.

The trial judge found as a fact that there was a causal relationship between the accident of October 26th and the trauma that the surgeon observed in the region of the aneurysm and duodenum where there were fresh adhesions. He further found that the adhesions caused by the accident made the operation unusually difficult, that this increased the time normally required to remove the damaged aneurysm and resulted in clots in both legs and that gangrene developed requiring the amputation of both legs. He drew the factual conclusion that "The accident of October 26, 1964 was the proximate precipitating cause which set in progress the chain of events which ultimately led to the loss of plaintiff's legs." Upon our examination of the record we find that these findings of fact are not clearly erroneous. (Rule 52(a) F.R.Civ.P.)

The trial judge concluded as a matter of law that the law of California is applicable to the facts of this case and in accordance with California law the plaintiff was entitled to recover. Brooks v. Metropolitan Life Insurance Company, 27 Cal.2d 305, 309–310, 163 P.2d 689; Happoldt v. Guardian Life Insurance Company of America, 90 Cal. App.2d 386, 401–402, 203 P.2d 55.

One of the assignments of error is that the trial judge erred in applying the law of California to the subject policy of insurance "where no place of contract is shown and appellee lived, worked, was insured, had his collision, had his surgery, lost his legs and commenced this litigation in Ohio." It is argued that Ohio law should control under the more modern "center of gravity" or "grouping of contacts" theory. We think the result would be the same under either California or Ohio law.

We proceed to examine the Ohio cases. Schick v. Nationwide Insurance Co., 117 Ohio App. 238, 192 N.E.2d 93, is cited as a leading case in support of Prudential. The policy of insurance in this case con-

tained a clause which is not a part of the policy in the case before us. It provided "(T)hat such death shall not have occurred * * * as the result of or by the contribution of disease or bodily or mental infirmity or medical or surgical treatment therefor * * *" The deceased injured his hand which required surgery after a few days. The anesthetic affected a cerebral vascular disease from which the deceased was suffering and the court found that artereosclerosis was a *contributing* cause of death.

Bridge v. Metropolitan Life Ins. Co., 142 Ohio St. 521, 53 N.E.2d 350, also cited by counsel for Prudential, has a provision in the policy similar to *Schick*. "No accidental death benefit will be paid if the death of the insured * * * is caused or contributed to, directly or indirectly, or wholly or partially, by disease, * * *" Here the deceased fell and fractured his right femur near the hip joint. He died two days later. The only substantial medical evidence was to the effect that he had artereosclerosis in an advanced stage and but for this and other conditions existing previous to his fall he would not have died. In other words, disease *contributed* to his death.

In Railway Mail Association v. Weir, 24 Ohio App. 5, 156 N.E. 921, the deceased was a member of the Railway Mail Association. The by-laws provided "There shall be no liability when disease, defect or bodily infirmity is a contributing cause of death." An automobile in which the deceased was riding was struck from the rear. There was no visible appearance of any injury. He died five hours later. Death was caused by an embolus which came into existence through disease either of the heart or the aorta and that it had existed for a considerable time. Without this diseased condition the deceased would not have died.

Hull v. Metropolitan Insurance Co., 36 N.E.2d 866 (Court of Appeals, Clermont County, Ohio) is another case where the insurance policy provides "The additional benefit shall not be payable if the insured's death (a) is caused or contribut-ed to by disease or infirmity, * * *" Although the deceased sustained a fall and a fractured vertebra, multiple myeloma, long existing, was the *contributing* if not the sole cause of death.

These Ohio cases, cited by counsel for Prudential, can be distinguished from the case at bar by the language of the insurance policies. In all of them it is a bar to recovery if disease is a *contributing* factor to death.

In Venable v. Aetna Life Insurance Co., 174 Ohio St. 366, 189 N.E.2d 138, clearly under the facts, the decedent died of coronary insufficiency rather than as a result of bodily injuries. This case turned on burden of proof.

In Hammer v. Mutual Benefit Health & Accident Ass'n., 158 Ohio St. 394, 109 N.E.2d 649, it was held that heat exhaustion or sun stroke, if suffered unexpectedly, is within the protection of a life and accident policy insuring against bodily injuries sustained through accidental means.

In Nichols v. Loyal Protective Life Ins. Co., 63 Ohio App. 558, 27 N.E.2d 421, the deceased fell on the ice and died about three minutes later. Although he was known to have had a diseased heart the cause of death was held to be a jury question. The fact that the fall might have affected the deceased more seriously than another person did not bar recovery.

In Order of U. C. T. of America v. Etchen, 27 Ohio App. 422, 162 N.E. 636, the deceased lost control of his automobile and when it was discovered the deceased was unconscious and lying across the steering wheel. A post mortem disclosed that he was suffering from an aneurysm on the arch of the aorta. The cause of death was held to be a jury question.

See also United States Casualty Co. v. Thrush, 21 Ohio App. 129, 152 N.E. 796; Rheinheimer v. Aetna Life Insurance Co., 77 Ohio St. 360, 83 N.E. 491; New York Life Insurance Company v. Hoffman, 218 F.2d 465, C.A. 6 (Ohio).

We conclude from a review of the Ohio cases that the cause of death or

disability under insurance policies such as is the subject of the action in the case at bar is a question of fact to be determined by the particular facts of each case. The facts of the case now before us are not unlike other Ohio cases referred to above where the questions of the cause of death or disability were submitted to the jury. Whether the trial judge applied Ohio law or California law, the result would have been the same.

Finally, we find no merit to the claim that the trial judge erred in denying appellant's motion to amend the findings of fact.

The judgment of the District Court is affirmed.