**J. A. RIESTERER, Plaintiff-Appellant,**

v.

**CROWN LIFE INSURANCE COMPANY, Defendant-Appellee.**

No. 79–1645.

United States Court of Appeals, Sixth Circuit.

Argued June 10, 1981.

Decided July 6, 1981.

C. F. Boyle, Jr., Vandeveer, Garzia, Tonkin, Kerr & Heaphy, Detroit, Mich., for plaintiff-appellant.

James A. Thorpe, Denenberg, Tuffley & Thorpe, Ileen Gordon, Susan Tukel, Southfield, Mich., for defendant-appellee.

Before WEICK and MERRITT, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

In this Michigan diversity case, plaintiff, J. A. Riesterer, appeals a judgment entered on a directed verdict against her. She had sued defendant, Crown Life Insurance Co., to recover $25,000 she claimed was due her through an accidental death provision of an

insurance policy. The district court concluded that there was insufficient evidence that the death had been accidental. Riesterer also appeals several evidentiary rulings. We affirm the judgment of the district court.

Riesterer's decedent, a fireman, died at the age of 52 of a myocardial infarction—a heart attack—suffered while inside a burning building. He was alone at the time the attack occurred. He had entered the building, which witnesses testified was very hot and smoky, carrying a fire hose with a co-worker. The co-worker left him, and when he returned plaintiff's decedent was lying on the floor. An oxygen mask worn by the decedent showed no sign of malfunction, and there was no indication of any external unusual event having occurred. He died without regaining consciousness. The death certificate, prepared by Dr. Harold McNeil, described the cause as "myocardial infarction ... over exertion in the line of duty while fighting a fire" (App. 258). In a deposition read at trial, the doctor of osteopathy who prepared the certificate testified that "the fact that he was engaged in fighting a fire ... could have been contributory to a heart attack.... I know how you could get worked up at the fire" (App. 212). No evidence other than that of Dr. McNeil, who performed no autopsy and undertook no independent investigation of the precise cause of death, was offered by Riesterer. She argues that that evidence creates a factual issue sufficient to send the case to the jury.

Plaintiff's decedent was covered by a group insurance policy issued by Crown Life that provided for $25,000 ordinary death benefits and double indemnity for accidental death. The policy provides, in pertinent part,

> If an employee while insured for this benefit sustains any accidental bodily injury which, independent of all other causes, is the direct cause of any loss ..., Crown Life will pay [an additional $25,000]....
>
> No amount shall be payable ... for any loss which is directly contributed to by, or

is caused directly or indirectly by ... illness or disease of any kind....

The central issue on appeal is whether a heart attack suffered under the circumstances of this case is an "accidental bodily injury" causing death. The Supreme Court of Michigan has recognized a presumption that heart attacks are a natural rather than accidental cause of death, *Merrett v. Preferred Masonic Mutual Accident Ass'n*, 98 Mich. 338, 57 N.W. 169 (1894), but no Michigan case decides the precise issue present in this case. In the absence of such authority, we conclude that the rule the Michigan courts would adopt is much like one set out by the Supreme Court of Oregon in a similar case, *Botts v. Hartford Accident & Indemnity Co.*, 284 Or. 95, 585 P.2d 657 (1978). In the case, the court held that the trial court properly directed a verdict against a plaintiff whose decedent had died of a heart attack while operating a highway grader. As in the instant case, the attending doctor testified that the attack had been caused in part by overexertion. The court defined the issue in cases of on-the-job heart attacks as being "whether the job-related activity leading to a victim's heart attack was abnormal and unusual, taking into consideration the ordinary requirements of his job performance." 585 P.2d at 661. In the instant case, as in the Oregon case, there is no evidence that the decedent at the time of his heart attack was performing work that was at all "abnormal and unusual." There is no evidence that the decedent was doing anything that his job did not frequently call on him to do.

Nothing in *Collins v. Nationwide Life Ins. Co.*, 409 Mich. 271, 294 N.W.2d 194 (1980), the Michigan Supreme Court's most recent treatment of an accidental death insurance policy issue, indicates that Michigan would not adopt the rule we have set out. In concluding that a death resulting from voluntary intoxication was an accidental death, the court was concerned with distinguishing accidental from intentional death and not, as we are, with distinguishing accidental death from death by disease. For that reason, the court's emphasis on the

expectations and intentions of the decedent fails to provide significant guidance to us in this case.

Riesterer's claims of evidentiary error are without merit. Accordingly, the judgment of the district court is affirmed.