Helen VAN HOOK, Plaintiff-Appellant,

v.

AETNA LIFE AND CASUALTY, Metropolitan Life Insurance Company, American Motorists Insurance Company, Defendants-Appellees.

No. 82–1800.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 19, 1984.

Decided Feb. 24, 1984.

**334**

Barton W. Morris, argued, Detroit, Mich., for plaintiff-appellant.

Robert P. Young, argued, Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., F. Peter Blake, argued, Barbier, Goulet & Petersmarck, Mount Clemens, Mich., for defendants-appellees.

Before LIVELY, Chief Judge, ENGEL, Circuit Judge, and WEICK, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment entered for the defendant insurance companies following a non-jury trial before the United States District Court for the Eastern District of Michigan. In this diversity action, the petitioner seeks to recover accidental death benefits, under three separate insurance policies, for the death of her husband. Two of the policies, issued by Aetna Life Insurance Company and Metropolitan Life Insurance Company, contain exclusionary clauses which require Mrs. Van Hook to establish that her husband's death was caused solely by the accident. The third policy was issued by American Motorists Life Insurance Company and contains no such requirement. Under the American Motorists policy Mrs. Van Hook must prove that an accidental injury proximately caused her husband's death.

The petitioner claims that she is entitled to benefits under all three policies because her husband accidentally drowned in a motel swimming pool. The respondent insurance companies assert instead that Mrs. Van Hook's husband died as the result of heart disease which led to a fatal heart attack in the swimming pool. This was the conclusion reached by the forensic pathologist for Hamilton County, Ohio, Dr. Charles Hirsch, following an autopsy. There were no eyewitnesses to the decedent's passing. Both sides presented conflicting expert testimony from forensic pathologists concerning the cause of death.

After a thorough evaluation of all of the evidence, Senior United States District Judge Ralph M. Freeman concluded that

the medical facts and circumstances failed to establish by a preponderance of the evidence that Leon Van Hook's death was due to drowning, and not due to heart disease. Judge Freeman's careful opinion is reported at 550 F.Supp. 888 (E.D.Mich.1982).

Upon review, we are of the opinion that Judge Freeman understood and properly applied the law of Michigan in interpreting the several insurance contracts in question. We are further of the opinion that issues of fact predominated and that Judge Freeman's resolution of those issues was objective and not clearly erroneous.

AFFIRMED.