**Barbara SKOWRONEK,**
**Plaintiff-Appellant,**

v.

**UNITED BENEFIT LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 83–1321.**

United States Court of Appeals,
Sixth Circuit.

Argued March 28, 1984.

Decided Feb. 5, 1985.

John F. Kowalski, Jason, Kowalski, Pugh, Poch, Bartko, Alpena, Mich., for plaintiff-appellant.

Arthur M. Hoffeins, Detroit, Mich., for defendant-appellee.

Before EDWARDS,* KENNEDY and JONES, Circuit Judges.

GEORGE CLIFTON EDWARDS, JR., Circuit Judge.

Plaintiff-appellant appeals from a judgment entered in the United States District Court for the Eastern District of Michigan. Plaintiff-appellant is the widow of Raymond Skowronek who suffered a heart attack on June 21, 1979 in the course of his work as a density control inspector at a Department of Highways construction site.

The facts indicate that he suffered the heart attack within five minutes of completing a soil density test which required substantial exertion. They also included the fact that he had not performed this particular work for nine months preceding the date of his death.

The District Judge who heard this case without a jury, after it had been removed to his court by defendant pursuant to diversity jurisdiction, 28 U.S.C. § 1332, found that Skowronek's death was not an "accidental personal injury" as required by the policy under which his life was insured and he thereupon entered judgment for defendant-appellee, United Benefit Life Insurance Company. 567 F.Supp. 63.

In entering judgment, the District Court relied heavily upon this court's opinion in *Riesterer v. Crown Life Insurance Co.*, 653 F.2d 268 (6th Cir.1981) (per curiam). The *Riesterer* case, without citing any Michigan case law, held that a heart attack in the course of employment is not accidental unless "the job-related activity leading to a victim's heart attack was abnormal and unusual, taking into consideration the ordinary requirements of his job performance."

The panel which heard this case argued, being in some doubt as to whether *Riesterer* or *Collins v. Nationwide Life Insurance Co.*, 409 Mich. 271, 294 N.W.2d 194 (1980), should be regarded as controlling this case, decided to certify the controlling question to the Michigan Supreme Court since it is, of course, Michigan law which should rule in this diversity case. This court then certified the following question to the Michigan Supreme Court:

Under Michigan law, is a heart attack due to arduous exertion in the course of and within the regular requirements of that particular employment, covered or not covered by the following paragraph of an accidental death policy:

If an insured employee, because of accidental personal injury arising out of or in the course of his employment with the Policyholder and while insured under the policy, shall suffer, independently of sickness and all other causes, loss of life within 180 days from the date of the accident, the Company will pay the Principal Sum specified in the Plan of Insurance.

Our certification was submitted by the Chief Justice of the Michigan Supreme Court to the full court and after its consideration, this court was advised that the

---

* The Honorable George Edwards took senior status January 15, 1985.

Michigan Supreme Court respectfully declined to answer the certified question.

Under these circumstances, there being established precedent in this court which supports the judgment entered by the District Judge, and the Michigan Supreme Court having in effect declined an opportunity to overrule *Riesterer* if it did not coincide with Michigan law, this court now affirms the judgment of the District Court as entered by Judge Harvey.