810 F.2d 591
 ANN ARBOR TRUST COMPANY, Personal Representative and Trustee
of the Estate of Kenneth R. Magee, Deceased,
Plaintiff-Appellee,
v.
The CANADA LIFE ASSURANCE COMPANY; the Equitable Life
Assurance Society of the United States; Provident
Life and Accident Insurance Company,
Defendants-Appellants.
 No. 84-1701.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 16, 1986.
Decided Feb. 10, 1987.
 
 Michael G. Vartanian (argued), Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendants-appellants.
 Allyn D. Kantor (argued), DeVine, DeVine, Kantor & Serr, Ann Arbor, Mich., for plaintiff-appellee.
 Before: ENGEL, JONES and KRUPANSKY, Circuit Judges.
 KRUPANSKY, Circuit Judge.
 
 
 1
 The defendants, three insurance companies, appealed from a jury verdict in favor of the plaintiff concerning benefits arising under three life insurance policies and the district court's denial of defendants' motions for directed verdict and judgment notwithstanding the verdict in this diversity insurance action.
 
 
 2
 The record disclosed the following facts. On March 16, 1982, Dr. Kenneth Magee (Magee), a 55-year-old neurologist, fell down the stairs of his home and sustained a laceration on his forehead. Dr. John Rowe (Dr. Rowe) was contacted by Magee's wife and Magee was transported to the hospital where his wound was sutured. Magee's laceration proceeded to heal normally for the first few days after admission, but thereafter he began to manifest signs of internal hemorrhaging, such as discoloration and swelling in his neck, chest, and arms, and his condition deteriorated. Magee's symptoms were diagnosed as disseminated or diffuse intravascular coagulopathy (DIC), a blood disorder that prevents the blood from coagulating, which precipitates internal hemorrhaging. Magee died at the hospital on March 24, approximately eight days after his admission. An autopsy disclosed the cause of death as advanced nutritional cirrhosis of the liver, caused by Magee's alcohol consumption. Two physicians who testified at trial on behalf of Magee's personal representative confirmed that his cirrhosis of the liver had contributed to his DIC and but for the cirrhosis Magee's fall and resulting injury would not have caused DIC.
 
 
 3
 Magee's life was insured in the event of accidental death by three policies. Defendant Equitable Life Assurance Society (Equitable) had issued an insurance policy to Magee which provided for an additional indemnity of $15,000 in the event of accidental death upon proof that:
 
 
 4
 (1) the death of the Insured resulted from bodily injuries caused directly and independently of all other causes by external, violent and purely accidental means,
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (3) disease or illness of any kind, physical or mental infirmity, or medical or surgical treatment therefor, did not directly or indirectly cause or contribute to such death....
 
 
 8
 Defendant Provident Life and Accident Insurance Co. (Provident) had issued a policy which provided Magee $100,000 in coverage for bodily injuries including death "due to external, violent and accidental means" with the following exclusion:
 
 
 9
 The benefits provided above will not be payable for any loss caused directly or indirectly, wholly or partly by (a) bodily or mental infirmity ... [or] any other kind of disease....
 
 
 10
 Finally, defendant Canada Life Assurance Co. (Canada Life) had issued a health and accident insurance policy which provided Magee with $50,000 in accidental death benefits with the following exclusion:
 
 
 11
 No payment will be made under this provision for any loss which is contributed to by, or is caused directly or indirectly by, any of the following:
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (e) Illness or disease of any kind....
 
 
 15
 The plaintiff Ann Arbor Trust Co. (the plaintiff), personal representative and trustee of Magee's estate and beneficiary under his three policies of insurance, initiated this action against the three insurance companies after each disclaimed coverage. A jury determined that the plaintiff was entitled to recover on each of the respective policies. A review of the record disclosed that the district judge denied the defendants' pretrial motion for summary judgment, the defendants' subsequent motion for a directed verdict at the close of the plaintiff's case renewed at the close of all evidence, and the defendants' post-trial motion for judgment notwithstanding the verdict or, in the alternative, for new trial.
 
 
 16
 On appeal to this court, defendant insurance companies argued that they were entitled to judgment as a matter of law upon the contractual language of the exclusionary clauses incorporated into each of the three policies and that accordingly their successive motions for summary judgment, directed verdict, and judgment notwithstanding the verdict were erroneously denied by the district court.
 
 
 17
 The pertinent case law generally recognizes, as it must, the significance of the contractual language incorporated into the particular insurance policy under examination, although the exclusionary language and form may vary.[1] When a policy insuring against accidental death contains exclusionary language substantially to the effect that benefits are precluded where death directly or indirectly results from or is contributed to by disease, the inquiry is properly limited to determining if the accident alone was sufficient to cause death directly and independently of disease; an exclusionary clause therefore precludes recovery where death results from a pre-existing disease or from a combination of accident and pre-existing disease. Such policies are to be distinguished from those which do not express such specific exclusionary language, in which latter case the plaintiff's burden, in order to recover, is to prove that the decedent's accident was the direct and proximate cause of death. The existence of pre-existing disease will therefore not bar recovery under such a policy if bodily injury and/or death results from a combination of accident and pre-existing disease, so long as the accident activated the condition which ultimately caused the injury and/or death.
 
 
 18
 All three of the instant policies contained exclusionary language barring recovery under circumstances where the death of the insured was directly or indirectly caused or contributed to by disease or illness of any kind. Despite the specific and explicit exclusionary language, the district court concluded that the proximate cause of the decedent's demise was a material issue of fact to be resolved by the jury. In light of the testimony presented at trial as juxtaposed with the exclusionary language in each of the three insurance policies, however, the district court's error in denying the defendants' motion for a directed verdict at the close of all the evidence and in submitting the matter to the jury for disposition is apparent. The plaintiff's two expert witnesses, Dr. Rowe, who treated Magee during his hospital confinement, and Dr. Keith Henley, an internist, both testified that but for the decedent's cirrhosis of the liver he would not have developed DIC and the fall and resulting laceration alone would not have precipitated DIC or caused his demise under the circumstances of this case. The testimony of the plaintiff's own witnesses at trial rendered ineluctable the conclusion that no person could reasonably have concluded that Magee's cirrhosis did not contribute to his death at least indirectly or in part. It is equally manifest that the parties to the respective insurance policies, by incorporation of the instant exclusionary provisions, expressly limited the extent of the accidental insurance coverage and intended to exclude losses occasioned under the instant and similar circumstances. Accordingly, the defendants were entitled to judgment as a matter of law in light of the testimony presented at trial and the terms of the respective policies and the district court erred in denying the defendants' motion for directed verdict at the close of all the evidence and in denying their motion for judgment notwithstanding the verdict.[2]
 
 
 19
 Based upon the foregoing, the judgment of the district court is REVERSED and the case is REMANDED to the district court for entry of judgment for the defendants.
 
 
 
 [1]
 Although the district court did not resolve a purported choice of law issue involving the laws of Michigan, New York, Tennessee, and Ontario, an examination of the leading case law of the four jurisdictions in question disclosed that the underlying substantive legal principles are essentially identical as those legal principles relate to the issues joined in the instant litigation. See Berger v. Travelers Ins. Co., 379 Mich. 51, 149 N.W.2d 441 (1967); Scharmer v. Occidental Life Ins. Co., 349 Mich. 421, 84 N.W.2d 866 (1957); McMartin v. Fidelity & Cas. Co., 264 N.Y. 220, 190 N.E. 414 (1934); Tann v. Continental Cas. Co., 35 A.D.2d 759, 314 N.Y.S.2d 890 (1970); Parker v. Provident Life & Acc. Ins. Co., 582 S.W.2d 380 (Tenn.1979); Metropolitan Life Ins. Co. v. Smith, 554 S.W.2d 123 (Tenn.1977); Fireman's Fund Ins. Co. v. Glanton, 224 Tenn. 213, 452 S.W.2d 861 (1970); Britton v. Prudential Ins. Co., 205 Tenn. 726, 330 S.W.2d 326 (1959); Robbins v. Travelers Ins. Co., 19 Ont. R.2d 279 (1978); Tomlinson v. Prudential Ins. Co. of America, [1954] Ont. R. 508; Battle v. Fidelity & Cas. Co. of New York, 54 Ont.L.R. 24 (1923), aff'd, 55 Ont.L.R. 330; Fidelity & Cas. Co. of New York v. Mitchell, [1917] A.C. 592, 36 D.L.R. 477, 13 Ont. W.N. 181. See also Skowronek v. United Benefit Life Ins. Co., 754 F.2d 167 (6th Cir.1985); Van Hook v. Aetna Life & Cas., 728 F.2d 333 (6th Cir.1984); Riesterer v. Crown Life Ins. Co., 653 F.2d 268 (6th Cir.1981); Ore v. Aetna Life Ins. Co., 435 F.2d 957 (6th Cir.1970); Ferguson v. Prudential Ins. Co., 399 F.2d 47 (6th Cir.1968); Beams v. John Hancock Mut. Life Ins. Co., 325 F.2d 887 (6th Cir.1964). See generally 10 Couch on Insurance 2d Secs. 41:71-:99; Annot., 61 A.L.R.3d 822; Annot., 84 A.L.R.2d 176; 43 Am.Jur.2d Insurance Secs. 608-10
 
 
 [2]
 Inasmuch as the court concludes that the defendants were entitled to judgment as a matter of law, there is no occasion to consider the defendants' assignments of error respecting the district court's instructions to the jury